*T Sumner,* for the respondents.

---

JOHN MERCHANT *vs.* WATSON B. CHAPMAN.

If the evidence in an action to recover the price of spirituous liquors shows that an arrangement existed between the plaintiff, who was a dealer in liquors in New York, and a person in this commonwealth, in pursuance of which the latter, for a commission of one half of the profits on the sales, obtained orders in this commonwealth which were accepted and filled in New York by the plaintiff, and that, upon the receipt of an order so obtained, the liquors in question "were sent to the defendant" in this commonwealth, no exception lies to the refusal of the judge to instruct the jury that the contract of sale was made in Massachusetts.

CONTRACT to recover the price of spirituous liquors.

After the former decision in this case, reported in 2 Allen, 228, a new trial was had in the superior court, before *Russell*, J., at which there was evidence tending to prove that an arrangement existed between the plaintiff and one Winslow, that on all orders for liquors which were obtained by the latter and accepted and

filled by the plaintiff, one half of the profits on the sales should be paid to Winslow by the plaintiff as a commission ; and that in pursuance of this arrangement the order for the liquors in question was obtained from the defendant by Winslow at Great Barrington, and was sent to the plaintiff, and that thereupon the liquors were sent by the plaintiff to the defendant at Great Barrington, and were there received by the latter. The judge instructed the jury, amongst other things, that "the mere fact that Winslow had a commission upon the orders he procured, and which the plaintiff accepted, would not of itself make him an agent to sell, or partner, but was evidence bearing on the question of his agency, and to have such weight as the jury might think it should have on that point."

The defendant asked the court to instruct the jury that if they were satisfied that an arrangement existed, as above set forth, and that in pursuance thereof Winslow obtained the order from the defendant for the liquors sued for, and the same were sent to the defendant in Great Barrington and were there received by him, the sale was made in Massachusetts ; "and further, that if the jury are satisfied that Winslow as a matter of profit to himself received from Merchant and transmitted an order obtained in Great Barrington to Merchant, which was filled by Merchant, and liquor sent to Great Barrington, the contract was made in Massachusetts."

The judge declined so to rule. A verdict was returned for the plaintiff, and the defendant alleged exceptions.

*J. E. Field*, for the defendant.

*S. B. Sumner*, for the plaintiff.

METCALF, J. There was no error on the trial of this case, either in the instructions which the judge gave to the jury, or in his declining to give those for which the defendant prayed.

It is immaterial whether Winslow was or was not an agent of the plaintiff for the sale of liquors. Upon the evidence set forth in the bill of exceptions, he did not make any contract with the defendant, in the plaintiff's behalf. He merely obtained, at Great Barrington, the defendant's orders on the plaintiff for liquors, and sent those orders to the plaintiff in New

York, who there received and accepted them. The executory contract of sale was therefore made in New York. *M'Intyre* v. *Parks*, 3 Met. 207. And it was made by the direct personal acts of the parties who were bound thereby, and not by any agent acting for either of them. And though a delivery of the liquors was necessary to a transfer of the property therein to the defendant, yet it is a well known rule, in the law of sales, that a delivery of goods to a carrier designated by the purchaser is of the same legal effect as a delivery to the purchaser himself So (unless there is an agreement to the contrary) is a delivery by the seller to a common carrier, in the usual course of business, although no carrier is named by the purchaser. *Putnam* v. *Tillotson*, 13 Met. 517, 520. *Orcutt* v. *Nelson*, 1 Gray, 543. Hilliard on Sales, (2d ed.) 118, 119. Atkinson on Contract of Sale, 199–202.

The bill of exceptions does not show by what conveyance the liquors came into the defendant's possession. It shows only that they were sent to him at Great Barrington, by the plaintiff, and were there received by him. The judge therefore rightly declined to instruct the jury, on this defective evidence, that the contract for the sale of the liquors was made in Massachusetts. The prayer for such instruction wrongly assumed that the contract was made in this state merely because the liquors were " sent " to the defendant within the State. For, as already stated, if they were sent by a carrier designated by him, or by a common carrier, in the usual course of business, though not designated by him, the contract was executed, as well as made, in New York.

This case is not within the decision in *Webster* v. *Munger*, 8 Gray, 584, because no evidence was given, at the trial, that the plaintiff knew, or had reasonable cause to believe, that the liquors were to be resold in this state, in violation of law.

Nothing that was decided, when this case was formerly before the court, (2 Allen, 228,) is inconsistent with our present decision. The evidence on the last trial greatly differed from that on the first. *Exceptions overruled.*